FROM: Rena Rice
805 Rumsey St
Kiowa KS 67070

VISIT US A
ORDER FREE

FILED

JUL 2 1 2026

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY [signature] DEPUTY CLERK

**Re: Ronald Dean Yandell**
**Case No. 2:25-cv-01049-DJC-DMC**

Dear Clerk of the Court:

Enclosed for filing is correspondence concerning Mr. Ronald Dean Yandell's ongoing inability to send and receive legal mail since approximately March 2026. The enclosed materials include copies of correspondence submitted to the United States Department of Justice, the Federal Bureau of Prisons, and other officials documenting efforts to resolve this issue, which may affect Mr. Yandell's ability to communicate with the Court and receive time-sensitive Court correspondence.

Respectfully submitted,

**Rena Rice**
On behalf of Ronald Dean Yandell

July 14, 2026

The Honorable Dennis M. Cota
United States Magistrate Judge
United States District Court
Eastern District of California
501 I Street, Suite 4-200
Sacramento, California 95814

**Re: Ronald Dean Yandell – Concern Regarding Legal Mail and Undelivered Court Filing**

Dear Judge Cota,

I respectfully apologize for contacting the Court directly and sincerely appreciate your time in reading this correspondence. I fully recognize that the Court must remain impartial, and I am not writing to discuss the merits of Mr. Ronald Dean Yandell's pending litigation or to request that the Court rule in any particular manner. Rather, I write solely because I am concerned that a motion Mr. Yandell believes he repeatedly mailed to the Court may never have reached the Clerk's Office.

Approximately one year ago, while Mr. Yandell was temporarily housed at USP Atwater following his transfer from California state custody, I wrote to the Court expressing concerns regarding his ability to reliably send and receive legal mail. At that time, because I feared important legal correspondence might not reach its intended destination, I respectfully asked whether I might assist as an intermediary in the mailing process. I understood and respected the Court's decision that such an arrangement would not be appropriate.

Unfortunately, those concerns have not been resolved. Instead, they appear to have become significantly more serious.

Mr. Yandell is now housed at USP Florence ADMAX. Beginning in approximately March 2026, he advised me that he had prepared and mailed a motion intended for your Court concerning evidence relating to the February 4, 2019 incident that is the subject of one of his pending civil actions. According to Mr. Yandell, he attempted to mail that filing to the Court on three separate occasions.

Because I became concerned that the motion had not reached the Court, I contacted the Clerk's Office to inquire whether it had been received. I was advised that the Court had no record of receiving the filing.

After learning this, Mr. Yandell resent the motion by certified mail in an effort to create a documented mailing record. Approximately five weeks later, on July 13, 2026, I again contacted the Clerk's Office to determine whether the certified mailing had been received. Once again, I was advised that the Court had no record of receiving it.

Following my inquiries, I contacted USP Florence ADMAX seeking information regarding the missing legal mail. I spoke with an Executive Assistant and later corresponded through the Bureau of Prisons email address that was provided to me. I also telephoned the institution on several occasions, left messages for Mr. Yandell's assigned counselor, and submitted numerous concerns through the Bureau of Prisons' "Voice a

Concern" system. Despite these repeated efforts, I have been unable to obtain any explanation regarding the apparent failure of Mr. Yandell's legal correspondence to reach the Court.

During those conversations, I was advised that the institution did not maintain logs or records that would allow staff to determine the location or disposition of incoming or outgoing mail. I was further advised that sending legal correspondence by certified mail would at least create a documented mailing record. Mr. Yandell followed that recommendation, yet the Court has advised that the certified mailing likewise was not received.

Because I was unable to obtain answers through the institution, I sought assistance through additional administrative channels. I submitted written concerns to the Bureau of Prisons North Central Regional Office, requested assistance from Colorado Governor Jared Polis, and filed a complaint with the United States Department of Justice, Office of the Inspector General. The Office of Inspector General subsequently advised me that my complaint had been reviewed and forwarded to the Federal Bureau of Prisons for appropriate review. Copies of selected correspondence documenting those efforts are enclosed.

My purpose in bringing these facts to the Court's attention is not to ask the Court to rule upon the motion described above, nor to reach any conclusion regarding why the motion has apparently not arrived. Rather, I respectfully wish to ensure that the Court is aware that the absence of this filing from the docket may not necessarily indicate that Mr. Yandell failed to prepare or attempt to submit it.

Likewise, I am concerned that if the Court has mailed time-sensitive orders, notices, or requests to Mr. Yandell, those communications may not have reached him in a timely manner. My hope is simply that Mr. Yandell will not be inadvertently prejudiced if Court correspondence does not reach him, or if correspondence he believes he has mailed to the Court does not arrive.

Because Mr. Yandell currently has active litigation pending before more than one judicial officer within the Eastern District of California, I am providing similar correspondence to the other assigned judge solely to ensure that each Court is aware of the ongoing concerns regarding his legal mail. My intent is simply to make the assigned judicial officers aware of the communication difficulties that appear to be affecting both Mr. Yandell's ability to send legal correspondence to the Court and his ability to receive correspondence from the Court.

The enclosed materials are not submitted for the purpose of influencing the Court's consideration of any issue pending before it. Rather, they are provided only to document the efforts that have been made to determine why legal correspondence intended for the Court has apparently not reached its destination and why I felt compelled to respectfully notify the Court of my concerns.

I have great respect for the responsibilities of the federal judiciary and understand the importance of preserving the integrity and impartiality of the judicial process. My only purpose in writing is to ensure that the Court is aware of the circumstances I have described so that Mr. Yandell is not inadvertently prejudiced if time-sensitive correspondence mailed by the Court does not reach him in a timely manner, or if correspondence he believes he has mailed to the Court does not arrive.

Thank you for your time, your service, and your consideration of this correspondence.

Respectfully,

**Rena Rice**
Wife of Ronald Dean Yandell

805 Rumsey Street
Kiowa, Kansas 67070

Email: we369@protonmail.com

Home: (620) 825-4000
Cell: (954) 651-0900

**Enclosures:**

- Department of Justice, Office of Inspector General correspondence dated June 2, 2026.
- Letter to the Director and Deputy Director, Federal Bureau of Prisons.
- Letter to Warden Mistelle J. Starr, USP Florence ADMAX.
- Supplemental Public Information.

**DEPARTMENT OF JUSTICE** | OFFICE OF THE INSPECTOR GENERAL

June 2, 2026

Rena Tyrona Rice
805 Rumsey St
Kiowa, KS 67070
we369@protonmail.com

Dear Ms. Rice:

Thank you for your recent correspondence received on May 28, 2026. The U.S. Department of Justice (DOJ), Office of the Inspector General, investigates allegations of misconduct by employees and contractors of DOJ, as well as waste, fraud and abuse affecting DOJ programs and operations. After reviewing your complaint, we have determined that the matters that you raised are more appropriate for review by another office within the DOJ. Therefore, we have forwarded your correspondence to:

U.S. Department of Justice
Bureau of Prisons
Jeffrey Rusinek, Acting Chief
320 First Street NW, Room 600
Washington, DC 20534

Of course, if you have information that involves other allegations or issues regarding DOJ employees, contractors, programs or operations, please feel free to submit that information to us.

Thank you for giving us the opportunity to review your concerns.

Sincerely,

Office of the Inspector General
Investigations Division

July 13, 2026

Warden Mistelle J. Starr
USP Florence ADMAX
5880 Highway 67 South
Florence, CO 81226

**Re: Request for Review of Ongoing Concerns Regarding Ronald Dean Yandell's Legal Mail (Register No. 85276-011)**

Dear Warden Starr,

I am writing to respectfully request your personal review of ongoing concerns regarding the processing of legal mail belonging to Ronald Dean Yandell, Register Number **85276-011**, who is currently housed at USP Florence ADMAX.

Over the past several months, I have made every reasonable effort to resolve these concerns through normal institutional channels before writing to you directly. Unfortunately, despite repeated attempts, I have been unable to obtain answers or assistance.

After Mr. Yandell informed me that he had mailed legal filings to the United States District Court for the Eastern District of California, I contacted the court to verify that the filings had been received. The court advised me that it had no record of receiving them.

Following that discovery, I contacted USP Florence ADMAX and spoke with an Executive Assistant regarding the missing legal mail. I later corresponded through the Bureau of Prisons email address that was provided to me. Despite my inquiries, I was not provided with any explanation concerning the whereabouts or disposition of the legal filings.

I also telephoned USP Florence ADMAX on several occasions seeking assistance. During those conversations, I was advised that the institution did not maintain logs of incoming or outgoing mail that would allow staff to determine whether a particular piece of legal mail had been processed or mailed. As a result, I was informed there was no way to investigate what had happened to Mr. Yandell's legal filings.

In an effort to resolve these concerns, I submitted numerous inquiries through the Bureau of Prisons' "Voice a Concern" feature for USP Florence ADMAX. I also left several telephone messages for Mr. Yandell's assigned counselor requesting assistance and information regarding his legal mail. Unfortunately, I did not receive responses to those inquiries or return calls to my messages.

When those efforts proved unsuccessful, I sought assistance outside the institution. I contacted the Bureau of Prisons North Central Regional Office, wrote to Colorado Governor Jared Polis requesting assistance, and submitted a complaint to the United States Department of Justice, Office of the Inspector General. The Office of Inspector General subsequently advised me that my complaint had been forwarded to the Federal Bureau of Prisons for appropriate review.

After learning that the court had not received Mr. Yandell's original legal filings, he was advised to resend them by certified mail so there would be documentation of the mailing. He did so approximately one month ago.

On July 13, 2026, I again contacted the United States District Court for the Eastern District of California to determine whether those replacement filings had been received. Once again, I was informed that the court has no record of receiving them.

As you can appreciate, this is extremely concerning. Mr. Yandell has active federal litigation pending before the United States District Court. If legal filings repeatedly fail to reach the court, he risks missing court deadlines and potentially losing the opportunity to have his claims considered on their merits.

I recognize that mail problems can occasionally occur. However, after repeated attempts to obtain assistance through institutional staff, multiple administrative offices, and other governmental agencies, while the underlying issue appears to continue, I respectfully request your personal review of this matter.

Specifically, I respectfully request that your office determine:

- Whether Mr. Yandell's outgoing legal mail was properly processed.
- Whether any records exist documenting acceptance or processing of his legal mail.
- Whether any improvements can be made to ensure that future legal mail reaches the courts in a timely manner.
- Whether institutional procedures adequately protect inmates' ability to communicate with the courts regarding active litigation.

My purpose in writing is not to assign blame or make accusations against any individual employee. Rather, I am simply seeking assistance in resolving a matter that has significant consequences for Mr. Yandell's ability to pursue pending litigation and exercise his right of access to the courts.

I have also submitted correspondence regarding these concerns to the Director and Deputy Director of the Federal Bureau of Prisons so they are aware of the continuing situation. My hope, however, is that this matter can be resolved promptly at the institutional level with your assistance.

Thank you for your time and consideration. I would greatly appreciate acknowledgment that this correspondence has been received and any information your office is able to provide regarding this matter.

Respectfully,

**Rena Rice**
Wife of Ronald Dean Yandell

805 Rumsey Street
Kiowa, Kansas 67070

Email: we369@protonmail.com

Home: (620) 825-4000
Cell: (954) 651-0900

July 13, 2026

William K. Marshall III, Director
Federal Bureau of Prisons
320 First Street, NW
Washington, DC 20534

Joshua J. Smith, Deputy Director
Federal Bureau of Prisons
320 First Street, NW
Washington, DC 20534

**Re: Request for Immediate Review of Repeated Failures in Legal Mail Delivery Affecting Ronald Dean Yandell (Reg. No. 85276-011), USP Florence ADMAX**

Dear *Director Marshall and Deputy Director Smith,*

I am writing to respectfully request your immediate assistance regarding what appears to be an ongoing problem involving the handling of outgoing legal mail belonging to Ronald Dean Yandell, Register Number **85276-011**, who is currently incarcerated at USP Florence ADMAX.

My concern is not based on a single delayed mailing. Rather, it is based on a repeated pattern in which legal filings that Mr. Yandell reports mailing to the United States District Court for the Eastern District of California are not being received by the court, placing his pending civil litigation at risk.

Approximately one month ago, after Mr. Yandell advised me that he had mailed legal documents to the court, I contacted the appropriate court clerks to confirm receipt. I was informed that the filings had not been received. Because of that information, I contacted USP Florence ADMAX to inquire about the status of the legal mail. I spoke with an Executive Assistant and later corresponded through the Bureau of Prisons email address provided to me. Although I requested information regarding what had happened to the legal mail, I received no explanation concerning its whereabouts or disposition.

In addition, I telephoned USP Florence ADMAX on several occasions seeking information about the processing of Mr. Yandell's legal mail. During those conversations, I was advised that the institution did not maintain logs of incoming or outgoing mail that would allow staff to determine whether a particular piece of legal mail had been processed or mailed. As a result, I was informed there was no way to investigate what had happened to Mr. Yandell's legal filings.

Before contacting your office directly, I made repeated efforts to resolve these concerns through every available administrative channel. In addition to telephoning USP Florence ADMAX on multiple occasions, I submitted numerous inquiries through the Bureau of Prisons' "Voice a Concern" feature. Despite submitting multiple requests, I received no response. I also left several telephone messages for Mr. Yandell's assigned counselor requesting assistance and information regarding his missing legal mail but received no return call or response.

As my concerns remained unresolved, I submitted a written request for assistance to Colorado Governor Jared Polis regarding these concerns. To date, I have not received a response. Following the Bureau of Prisons' chain of communication, I also submitted multiple written inquiries to the Bureau of Prisons North Central Regional Office requesting assistance. Those inquiries likewise received no response.

Because I was unable to obtain answers through these channels, I submitted a formal complaint to the United States Department of Justice, Office of the Inspector General. On June 2, 2026, I received written notification that the Office of Inspector General had reviewed my complaint and forwarded it to the Federal Bureau of Prisons in Washington, D.C., for appropriate review. Despite that referral, I have received no

acknowledgment from the Bureau of Prisons and no indication that any investigation or review has been initiated. Attached is a copy of the Department of Justice correspondence confirming that referral.

After learning that the court had not received the original filings, Mr. Yandell was advised that he should resend the documents by certified mail so there would be a documented record of the mailing. He subsequently prepared the legal documents again and sent them by registered mail approximately one month ago.

On July 13, 2026, I again contacted the United States District Court for the Eastern District of California to verify whether those replacement filings had been received. I was again informed that the court has no record of receiving them.

This means that two separate attempts to deliver legal filings to the court have reportedly failed to reach their destination, including the second mailing that was reportedly sent by certified mail after concerns had already been brought to the attention of prison officials.

Mr. Yandell currently has active federal litigation pending in California. Court deadlines continue to run regardless of whether his filings arrive. If legal documents repeatedly fail to reach the court, he risks dismissal of his cases through no fault of his own. Access to the courts is a fundamental constitutional right, and the ability to send legal filings in a timely manner is essential to protecting that right.

I recognize that mail can occasionally be delayed or misplaced. However, when legal filings reportedly disappear on multiple occasions, including after being resent by certified mail, when institutional staff advise that there are no records available to determine what occurred, and when repeated requests for assistance through institutional, regional, and federal channels receive no meaningful response, the situation warrants immediate review.

This correspondence should not be viewed as an initial complaint. Rather, it represents my continued effort to obtain assistance after previously seeking review through USP Florence ADMAX, the Bureau of Prisons Regional Office, the Governor of Colorado, and the United States Department of Justice. Unfortunately, despite those efforts, the underlying problem appears to remain unresolved.

Accordingly, I respectfully request that the Bureau of Prisons conduct an inquiry into this matter, including:

- A review of all available records concerning Mr. Yandell's outgoing legal mail.
- Verification of the dates on which his legal mail was accepted for mailing.
- Review of chain-of-custody procedures governing outgoing legal mail.
- Verification of any available tracking information associated with the certified mailing.
- Determination of whether any breakdown occurred between USP Florence ADMAX and the United States Postal Service or elsewhere in the mailing process.
- Review of whether existing procedures adequately protect incarcerated individuals' ability to communicate with the courts.
- Any corrective measures necessary to ensure that future legal filings are delivered to the courts without unnecessary delay.

I am not asking for special treatment. I am simply asking that Mr. Yandell be afforded the same opportunity to pursue his pending litigation that every litigant is entitled to receive. Regardless of the merits of any pending case, legal filings should reach the courts so that matters are decided on the evidence and applicable law rather than on missed deadlines caused by filings that never arrive.

Thank you for your time and consideration. I respectfully request acknowledgment that this correspondence has been received and that I be advised whether this matter has been referred for review or investigation.

Respectfully,

**Rena Rice**
Wife of Ronald Dean Yandell

805 Rumsey Street
Kiowa, Kansas 67070

Email: we369@protonmail.com

Home: (620) 825-4000
Cell: (954) 651-0900

***Attachments***

To assist with your review, I have enclosed the following supporting documentation:

**Attachment A** – U.S. Department of Justice, Office of the Inspector General letter dated **June 2, 2026**, advising that my complaint was reviewed and forwarded to the Federal Bureau of Prisons for appropriate review.

**Attachment B** – Copy of this correspondence provided for the administrative record.

Additional supporting documentation, including prior correspondence with USP Florence ADMAX, the *Bureau of Prisons Regional Office, and other agencies referenced in this letter, is available upon request.*

Governor Jared Polis,

I am respectfully submitting this correspondence for your office's awareness and review regarding concerns involving access to courts and legal-mail handling affecting Ronald Dean Yandell, currently housed at USP Florence ADMAX in Colorado. While I understand your office may not directly oversee federal correctional institutions, I believe the circumstances described below raise concerns regarding access to justice, the integrity of legal processes, and the ability of incarcerated individuals to pursue active litigation. *I am writing to request review of ongoing concerns regarding access to courts and legal-mail* handling affecting Ronald Dean Yandell, currently housed at USP Florence ADMAX in Colorado. My concern is not based on a single delayed mailing. Rather, this appears to be part of a continuing pattern that has interfered with Mr. Yandell's ability to meet court deadlines and pursue active litigation. Recently, Mr. Yandell submitted legal filings intended for California courts. After receiving no confirmation that the filings had been received, I independently contacted the courts myself. On the same day, I spoke with clerks for two different judges associated with matters involving Mr. Yandell. Both offices advised that they had not received the legal motions that Mr. Yandell believed had been mailed approximately one month earlier. Because of this, I contacted USP Florence ADMAX seeking information regarding the status of the *legal mail. During that process, I spoke with an individual identified as an Executive Assistant at* USP Florence ADMAX and later corresponded through the Bureau of Prisons email address flm-execassistant-s@bop.gov. When I asked what had happened to legal mail reportedly sent weeks earlier, I was advised there was no comment regarding the matter and received no explanation concerning the location or disposition of the filings. What makes this especially concerning is that Mr. Yandell has reported that similar issues have occurred repeatedly, and he is aware of other incarcerated individuals involved in litigation before the same California courts who have experienced significant delays in legal mail reaching the courts, in some cases beyond the deadlines established by the courts themselves. I recognize that mail delays can occur for legitimate reasons. However, when legal filings reportedly mailed weeks earlier are not received by the courts, when no clear explanation is provided, and when similar concerns are repeatedly reported, the situation raises serious questions regarding legal-mail processing, chain-of-custody *procedures, access to courts, and the ability of incarcerated individuals to protect their legal rights. I* respectfully request review of legal-mail handling procedures at USP Florence ADMAX, including outgoing

legal-mail logs, tracking procedures, chain-of-custody documentation, and any policies that may affect timely delivery of court filings. I also request review of whether delays or failures in legal-mail processing have interfered with access to courts for Mr. Yandell or other incarcerated individuals pursuing active litigation. Thank you for your time and consideration of this matter. At a minimum, I hope this correspondence helps ensure that the concerns raised are directed to the appropriate authorities for review and that the importance of timely legal access for incarcerated individuals is recognized and protected. Respectfully, Rena Rice Wife of Ronald Dean Yandell CDCR #V27927 / BOP Register Number 85276-011

NCRO-ExecAssistant@bop.gov Subject: Formal Complaint Regarding Legal Mail Interference, Obstruction of Court Access, and Staff Misconduct at USP ADX Florence

To Whom It May Concern, I am submitting this complaint to request an investigation into ongoing conduct at USP ADX Florence involving interference with legal mail, obstruction of access to the courts, retaliation, and possible staff misconduct affecting inmate Ronald Yandell and other inmates housed at the facility. I previously attempted to address these concerns directly with ADX staff and administration, but my communications were ignored and no corrective action was taken. The lack of response, combined with the nature of the allegations, raises serious concerns that those responsible for oversight may themselves be involved or unwilling to address the misconduct. The primary issue involves the withholding and interference of legal mail connected to active litigation. Ronald Yandell sent legal correspondence to Judge Alison Claire approximately one month prior to my contacting the court. When I contacted Judge Claire's chambers to confirm receipt, I was informed the letter had never arrived. This is not an isolated incident. Due to concerns about withheld legal mail, I have been forced to periodically contact the court directly to determine whether legal filings or court communications are actually being delivered. There is a pattern suggesting that legal mail connected to Judge Alison Claire and active litigation is being intentionally delayed, withheld, or interfered with at ADX Florence. Additionally, I am aware of at least two other inmates at ADX Florence with cases before Judge Alison Claire who allegedly experienced similar interference with time-sensitive legal mail, resulting in adverse outcomes and dismissal of their cases after important filings or court communications were not timely received. These actions appear to directly interfere with inmates' constitutional right of access to the courts and raise serious concerns regarding retaliation and abuse of authority. The concerns regarding retaliation are heightened due to Ronald Yandell's history as one of the principal representatives involved in the California prison hunger strikes and the Agreement to End Hostilities. Since engaging in advocacy and litigation activity, there has been an ongoing pattern of disputed allegations, use-of-force incidents, questionable official narratives, and interference relating to his legal matters. There are also concerns regarding broader efforts to suppress or obstruct evidence related to ongoing litigation and public accountability efforts. Public records requests and released footage connected to prior incidents have revealed apparent discrepancies between official narratives and video evidence. Relevant materials include: - Video footage related to the November 22, 2024 incident involving Ronald Yandell: https://www.youtube.com/watch?v=I4quTiwTkzU - Additional related footage: - https://www.youtube.com/watch?v=S9ipwgAygxw https://www.youtube.com/watch?v=BTF8qMfilqc - CDCR public statement regarding the incident: https://www.cdcr.ca.gov/news/2024/11/26/attempted-homicide-of-california-state-prison-sacramento-officers-under-investigation/ While some of these underlying incidents occurred within CDCR custody prior to transfer to federal custody, they are relevant insofar as they establish an ongoing pattern of alleged retaliation, disputed institutional narratives, and interference connected to Mr. Yandell's litigation and advocacy activities. I respectfully request that the Office of Inspector General investigate the following: 1. Whether staff at USP ADX Florence are interfering with, delaying, withholding, or destroying legal mail connected to Ronald Yandell and other inmates. 2. Whether there has been deliberate obstruction of court access through interference with legal correspondence and time-sensitive legal materials. 3. Whether retaliation is occurring against inmates engaged in litigation or

protected activity. 4. Whether staff members or administrators failed to properly respond to repeated complaints regarding these issues. 5. Whether records related to inmate legal mail handling, mail logs, surveillance footage, or staff communications should be preserved and reviewed. I also request preservation of all relevant records, including: - Legal mail logs - Incoming and outgoing mail records - *Surveillance footage from mail processing areas - Staff communications relating to Ronald Yandell* - Administrative complaints previously submitted regarding legal mail - Any disciplinary or investigative records relating to mail handling procedures These concerns implicate constitutional rights, institutional integrity, and public trust. I respectfully request a thorough and impartial investigation into these matters. Sincerely, Rena Rice (on behalf of Ronald Yandell)