**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

RONALD D. YANDELL,

Plaintiff,

v.

G. NEWSOME, et al.,

Defendants.

No. 2:25-cv-1049-DJC-ICD-P

ORDER

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint, ECF No. 20.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated, even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants

which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) Gavin Newsom, the Governor of the State of California; (2) Jeff Macomber, the Secretary of the California Department of Corrections and Rehabilitation (CDCR); (3) J. Lynch, the warden at California State Prison – Sacramento (CSP-Sac.); and (4) J. Garcia, a correctional officer at CSP-Sac. ECF No. 20 at 2–3.

On or about August 26, 2024, Plaintiff was strip-searched in preparation for outside recreation. Id. at 3. As Defendant Garcia was escorting Plaintiff outside, Plaintiff tossed a shirt in front of another cell door with the intention of returning it to the inmate from whom he had borrowed it. Id. Defendant Garcia lost his grip on Plaintiff's arm and grabbed Plaintiff in a bear hug from behind, while Plaintiff was already handcuffed. Id. Defendant Garcia then "picked [Plaintiff] up off his feet and slammed him headfirst into the concrete." Id. at 4. Plaintiff suffered severe injuries, including jaw fractures, teeth being knocked out, a concussion, a cut on the chin, fractured vertebrae, and a ruptured eardrum. Id.

Plaintiff claims Defendant Garcia violated his Eighth Amendment rights by maliciously and sadistically using physical force against Plaintiff without need or provocation. Id. Plaintiff also claims Defendants Governor Gavin Newsom, CDCR Secretary Jeff Macomber, and CSP-Sac. Warden J. Lynch (collectively, the "High-Ranking Officials") are responsible for the acts described because of their "failure to curb the known pattern of physical abuse and murder of other prisoners," which contributed to and proximately caused Plaintiff's injuries. Id. at 5.

## II. DISCUSSION

The undersigned finds that Plaintiff has stated a cognizable Eighth Amendment excessive force claim against Defendant Garcia arising from the events of August 26, 2024. Plaintiff has not, however, stated a plausible claim against the High-Ranking Officials.

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no

respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). A supervisory defendant may also be liable where he or she knew of constitutional violations but failed to act to prevent them. See Taylor, 880 F.2d at 1045; see also Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

Plaintiff's claims against the High-Ranking Officials fail to allege participation in, direction of, or implementation of specific policies which led to the acts which Plaintiff alleges. Plaintiff brings claims against Governor Newsom, CDCR Secretary Jeff Macomber, and California State Prison, Sacramento Warden J. Lynch in their official and individual capacities. ECF No. 20 at 5. Plaintiff does not, however, sufficiently allege a causal link between the High-Ranking Officials and the acts which caused his injury. See Hansen, 885 F.2d at 646. Plaintiff mentions that the High-Ranking Officials "fail[ed] to curb the known pattern of physical abuse and murder of other prisoners" but does not provide any further details as to when, what, or how any of the High-Ranking Officials knew about this alleged pattern or how the pattern led to Plaintiff's injury. See ECF No. 20 at 5. Plaintiff provides only vague and conclusory allegations, but will be afforded an opportunity to amend.

///

///

## III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the prior complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See E.D. Cal. L.R. 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state a cognizable claim, specifically an Eighth Amendment excessive force claim against Defendant Garcia, if no amended complaint is filed within the time allowed, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claim.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a second amended complaint within 30 days of the date of service of this order.

Dated: October 1, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE